WINDHORST, J.
| rAppellant, Lapalco Village Joint Venture (“Lapalco”), appeals the trial court’s judgment granting summary judgment in favor of appellee, ASI Federal Credit Union (“ASI”), and dismissing Lapalco’s claims against ASI with prejudice. For the reasons that follow, we reverse and remand for further proceedings.
Facts and Procedural History
On March 29, 2012, Sterling Fresh Foods, LLC (“Sterling”) entered into a lease agreement with Lapalco for the lease of Lapalco’s premises located at 5969 La-palco Boulevard, in Marrero, for the purpose of operating a grocery store. The starting date of the lease was delayed until March 20, 2013. On May 2, 2014, Sterling employed or authorized PKK, Inc. to operate the grocery store on the leased premises in violation of the lease agreement. On June 6, 2014, Lapalco issued Sterling a notice of default, and on September 14, 2014, Lapalco issued Sterling a notice of lease termination. Sterling vacated the premises on November 19, 2014.
On June 20, 2012, soon after Sterling and Lapalco executed the lease agreement, Sterling entered into a Business Credit and Continuing Security Agreement with ASI for the advance of funds. Sterling granted a security interest to ASI in all its inventory, general intangibles, instruments, letter-of-credit rights, deposit accounts, chattel paper, accounts, documents equipment, and fixtures located at 5969 Lapalco Boulevard. The security interest also included all business assets and was personally guaranteed by Wendell Pierce and Troy Henry. ASI recorded a UCC Financing Statement regarding the security interest agreement on July 30, 2012, in the UCC records of Jefferson Parish.
|gOn February 25, 2015, Lapalco filed suit against Wendell Pierce, Troy Henry, James Hackett, Sterling, and ASI.[1] Lapal- *693 co sought damages against Sterling for unpaid common area maintenance, taxes, insurance, and other sums due pursuant to the lease. Lapalco also sought damages against Sterling for improper removal, conversion, and/or sale of part of the leased premises, contending that Sterling wrongly removed a refrigeration and freezer unit. Lapalco contended that the units were immovable fixtures and/or alterations and improvements to an immovable fixture, and that Sterling was required to leave the units at the time of the expiration of the lease. Lapalco further sought damages against ASI, contending that ASI.was “instrumental in and did participate in the removal/sale of said refrigerator/freezer units, did Deceive the funds from the sale of said units, and as such is responsible for the costs of replacing the units.”
On June 17, 2016, ASI filed a motion for summary judgment arguing that Lapalco was not in “contractual privity” with ASI, and that Lapalco’s “rights to movable property, namely a refrigeration unit and freezer unit, are subordinate to the security interest granted to ASI by Sterling.”
The matter was heard on August 23, 2016, and on September 22, 2016, the trial court granted judgment in favor of ASI. On January 27, 2017, pursuant to this court’s order, the trial court amended its judgment finding in favor,.of ASI and dismissing Lapalco’s claims against ASI with prejudice. This appeal followed.
Discussion
Appellate courts review summary judgment de novo, using the same criteria that the trial court does in determining whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Cutsinger v. Redfern, 08-2607 (La. 05/22/09), 12 So.3d 945, 949; Smith v. Our Lady of the Lake Hosp., 93-2512 (La. 07/05/94), 639 So.2d 730, 750. A motion |sfor summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue .as to material fact and that the mover is entitled to judgments as a matter of law. La. C.C.P. art. 966 A(3). '
Appellant contends that the ' trial court erred in granting ASI’s motion for summary judgment. Appellant’s nine assignments of error concern the following issues: 1) ownership of the walk-in refrigeration and freezer units; 2) whether the units were component parts of the leased premises; 3) whether the units remained component parts of the leased premises after the units were replaced and/or parts replaced;' and 4) whether ASI had a valid security interest over the units that were originally leased with the premises.
Whether a thing has become a component part of an immovable, and therefore subject to the laws, governing immovable property, is determined by the application of La.' C.C. arts. 465,[2] 466,[3] and
*694 467.[4] Pursuant to these articles, things may become a component part of any immovable in one of three ways: by incorporation into a building or other construction (La. C.C. art. 465); by permanent attachment thereto (La, C.C. art. 466); or by declaration of the owner (La. C.C. art. 467). Willis-Knighton Med. Ctr. v. Caddo-Shreveport Sales & Use Tax Comm’n, 04-0473 (La. 04/01/05), 903 So.2d 1071, 1078-1079.
Other things are component parts of a building or other construction if they are attached to such a degree that they cannot be removed without substantial damage to themselves or the building or other construction.
|4The following facts are not in dispute. Sterling entered into a lease agreement with appellant for the lease of 5969 Lapal-co Boulevard, to be operated as a retail grocery store. The large walk-in refrigeration and freezer units were part of the leased premises between appellant and Sterling. Sterling completely replaced the walk-in freezer unit and disposed of the original freezer that was attached to the premises. Sterling replaced the entire cooling system in the walk-in refrigeration unit that was attached to the premises. Upon termination and eviction from the lease, Sterling removed both walk-in units from the leased premises, leaving a large opening in the exterior wall of the premises that was filled in with cinder blocks. After removal of the units, Sterling gave the units to ASI to sell.
Upon de novo, we find review shows that the trial court erred in granting ASI’s motion for summary judgment because genuine issues of material fact remain that preclude summary judgment in this case. First, the lease and evidence established that the walk-in units were owned and part of the leased premises at the túne Sterling entered into the lease of 5969 Lapalco Boulevard. ASI’s security interest is in, among other things, all of Sterling’s “equipment.” Equipment is not defined in the security agreement, and a specific list of “equipment” that includes the refrigeration and freezer units is not included in any document.
Additionally, while it is not disputed that Sterling replaced one of the units and replaced parts in the other unit, there exists a material issue of fact as to whether this converted the ownership of the walk-in units from Lapalco to Sterling. Paragraph 14 of the lease provides that “Lessee, at its sole cost and expenses, whether the same shall be the property of Lessee or Lessor, shall promptly repair and all times maintain in good condition the said premises.” Paragraph 29 further provides that:
“lessee is obligated not to make any additions or alterations whatsoever to the premises without Lessor’s prior written permission. All additions, alterations or improvements made by the Lessee with or | ^without consent of Lessor, no matter how attached (except movable trade fixtures), must remain the property of Lessor, unless otherwise stipulated herein. ... the Lessor, at his option may require the building to be replaced in its original condition by Lessee, at Lessee’s sole cost and expense.”
Thus, a genuine issue of material fact clearly exists as to whether Sterling became owner of the walk-in refrigeration *695 units when it replaced one unit and replaced parts in the other unit.
Further, there is a genuine issue of material fact as to whether the walk-in units were component parts of an immovable (ie., the leased premises). ASI argued that Lapalco could not show that the walk-in units were component parts of the leased premises under La. C.C. art. 465 466, 467. Additionally, ASI argued that the removal of the units from the wall of the building created only superficial, insubstantial wall damage that is not sufficient to meet the substantial damage test. However, photographs of the wall where the units were taken out were admitted into evidence to show the large hole in the exterior wall filled in with cinder blocks. Further, in his affidavit, Howard Green stated that the photographs show the walk-in units are attached to the roof and side walls of the premises. He also stated that the electricity used to operate these units came through the electrical service boxes located in the leased premises. Thus, a genuine issue of material fact exists as to whether the premises sustained substantial damage when the walk-in units were removed from the building.
Finally, ASI filed a UCC Statement in the UCC records in Jefferson Parish, which provides that ASI has a “first security interest in all business assets including but not limited to all furniture, equipment, accounts receivables and inventory located at 5969 Lapalco Blvd. Marrero, LA.” The statement also provides for the “personal guarantees of Wendell E. Pierce and Troy A. Henry.” For the same reasons stated above, genuine issues of material fact exist as to the ownership of the units and whether they are considered equipment under the | fisecurity agreement. Therefore, genuine issue of material fact as to whether ASI has a security interest in the walk-in units.
Conclusion
Accordingly, for the reasons stated above, the trial court’s judgment granting summary judgment in favor of ASI is reversed, and this case is remanded for further proceedings.
REVERSED AND REMANDED

. In the petition, Lapalco included defendants, Pierce, Henry, and Hackett as guaran *693 tors, alleging that they executed an in solido early termination guaranty which made them personally liable on behalf of Sterling.

. La. C.C. art. 465 provides:
Things incorporated into a tract of land, a building, or other construction, so as to-become an integral part of it, such as building materials, are its component parts.

. La. C.C. art. 466 provides:
Things that are attached to a-building and that, according to prevailing usages, serve to complete a building of the same general type, without regard to its specific use, are its component parts. Component parts of this kind may include doors, shutters, gutters, and cabinetry, as well as plumbing, heating, cooling, electrical, and similar systems.
Things that are attached to a construction other than a building and that serve its principal use are its component parts.

. La. C.C. art. 467 provides:
The owner of an immovable may declare that machinery, appliances, and equipment owned by him and placed on the immovable, other than his private residence, for its service and improvement are deemed to be its component parts. The declaration shall be filed for registry in the conveyance records of the parish in which the immovable is located.